**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| CESAR MONTOYA QUINTERO,<br>Petitioner,<br>v.<br>TODD LYONS, *et al.*,<br>Respondents. | No. 26cv9842 (EP)<br>**MEMORANDUM ORDER** |

**PADIN, District Judge.**

This matter comes before the Court on a *pro se* Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 submitted by Richard Mendez ("Mendez") as a "next friend" for Petitioner Cesar Montoya Quintero, an immigration detainee confined at the Delaney Hall Detention Facility in Newark, New Jersey ("Delaney Hall"). D.E. 1 ("Petition" or "Pet.").

The Petition was initially filed in the United States District Court for the Southern District of New York and transferred to this Court after that court determined that Petitioner was confined in New Jersey when the Petition was filed. D.E. 9 ("Transfer Order"). In accordance with Rule 4 of the Rules Governing Section 2254 Cases, applicable to § 2241 cases through Rule 1(b) ("Habeas Rule(s)"), the Court has carefully considered the Petition to determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."

For the reasons below, the Court will **ADMINISTRATIVELY TERMINATE** this matter ***without prejudice*** subject to reopening if Petitioner files a signed and verified petition on his own behalf or counsel appears on his behalf.

## I. BACKGROUND

On August 2, 2026, Mendez submitted the Petition, signing "Richard Mendez, on behalf of Cesar Montoya Quintero, as Next of Friend." Pet. at 18. Mendez describes himself variously as Petitioner's "close friend," a member of Petitioner's "extended family," and Petitioner's "next of kin." *Id.* at 1-2. He alleges that Petitioner could not file the Petition himself because Petitioner was detained without access to counsel, mail, paper, or legal materials. *Id.*

The Petition alleges that Petitioner is entitled to an individualized release determination under 8 U.S.C. § 1226(a), rather than mandatory detention under § 1225(b)(2), and asserts related claims under the Fifth Amendment, the bond regulations, and the Administrative Procedure Act. *Id.* at 14-17. It seeks immediate release, an order prohibiting Petitioner's transfer, and fees and costs. *Id.* at 17-18. It also contains apparent copy-over errors, including allegations concerning a different detainee and a statement that it was filed on July 10, 2026. *Id.* ¶ 10 & at 17-18.

In support, Mendez alleges that Petitioner is a native and citizen of Mexico who entered the United States in 2022 and was arrested by Immigration and Customs Enforcement ("ICE") on August 1, 2026, as he was leaving a store in Staten Island, New York. *Id.* at 2-5. Mendez alleges that ICE detained Petitioner without notice, access to counsel, or an individualized determination that he posed a flight risk or danger to the community. *Id.* at 2, 14-15.

Before transfer, the Southern District of New York directed Respondents to identify Petitioner's location and the statutory basis for his detention. D.E. 3. Respondents represented that Petitioner had been transferred to Delaney Hall before the Petition was filed, that ICE detains him under 8 U.S.C. § 1226(a), that he is not subject to a final order of removal, and that a master-calendar hearing is scheduled for September 16, 2026. D.E. 7. The court then concluded that the face of the Petition did not establish Mendez's next-friend standing and ordered him to submit a

sworn affidavit by August 11, 2026. D.E. 8. Later that day, the court transferred the action to this District. D.E. 9. After transfer, Chief Judge Bumb enjoined Respondents from transferring Petitioner from New Jersey pending further Order of the Court. D.E. 11.

## II. DISCUSSION

Habeas jurisdiction exists under 28 U.S.C. § 2241(c)(3) for a prisoner who "is in custody in violation of the Constitution or laws or treaties of the United States." *Maleng v. Cook*, 490 U.S. 488, 490 (1989) (per curiam).

Mendez seeks to litigate the Petition on Petitioner's behalf. Pursuant to 28 U.S.C. § 2242, a petition for a writ of habeas corpus "shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf." *See also* Habeas Rule 2(c)(5) (requiring the petition to be signed under penalty of perjury or by a person authorized to sign it under § 2242). "[N]ext friend" standing "has long been an accepted basis for jurisdiction in certain circumstances." *Whitmore v. Arkansas*, 495 U.S. 149, 162 (1990). "Most frequently, next friends appear . . . on behalf of detained prisoners who are unable . . . to seek relief themselves." *Id.*

To qualify for next-friend status, the third person must satisfy two requirements. "First, a next friend must provide an adequate explanation—such as inaccessibility, mental incompetence, or other disability—why the real party in interest cannot appear on his own behalf to prosecute the action." *Id.* at 163 (citation modified). "Second, the next friend must be truly dedicated to the best interests of the person on whose behalf [he] seeks to litigate," and the next friend generally must have a significant relationship with the real party in interest. *Id.* at 163-64 (citation modified). "The burden is on the next friend clearly to establish the propriety of his status and thereby justify the jurisdiction of the court." *Id.* at 164 (citation modified).

On the present record, Mendez has not clearly established the propriety of his next-friend

status. Although he alleges that Petitioner was unable to file for himself, Mendez has not submitted a sworn statement or evidence clarifying the nature of their relationship. The Petition's descriptions of that relationship are inconsistent, and its copied allegations further obscure which factual assertions concern Petitioner. The Southern District of New York therefore directed Mendez to submit a sworn affidavit. D.E. 8. The Court need not await that affidavit or decide whether Mendez can satisfy *Whitmore*, however, because a separate threshold defect disposes of the matter.

Even if Mendez could establish next-friend standing, he cannot prosecute the Petition *pro se*. "[T]he Third Circuit has held that a non-attorney cannot represent another party, even if acting as a next friend." *Kerrigan v. Ortiz*, No. 21-1027, 2021 WL 6424641, at *2 (D.N.J. Dec. 6, 2021) (quoting *Schlemmer v. Cent. Intel. Agency*, 804 F. App'x 127, 128 (3d Cir. 2020)). The Court will therefore **ADMINISTRATIVELY TERMINATE** this matter, subject to reopening if counsel appears on Petitioner's behalf or Petitioner files a signed and verified *pro se* habeas petition. *See, e.g.*, *Bah v. Tsoukaris*, No. 25-16925, 2025 WL 3041812 (D.N.J. Oct. 31, 2025) (administratively terminating a habeas petition to permit the petitioner to cure defects in a next-friend application).

Any request to reopen must also be accompanied by the $5 filing fee or an application to proceed *in forma pauperis* containing Petitioner's financial information. Because the Court resolves this matter on the threshold representation defect, it does not reach the merits of the Petition or express any view on Petitioner's request for release.

## IV. CONCLUSION

For these reasons,

**IT IS** on this 17th day of August 2026,

**ORDERED** that the Clerk of Court shall **ADMINISTRATIVELY TERMINATE** this matter; and it is further

**ORDERED** that Petitioner may reopen this matter by submitting (and signing) his own habeas petition within **30 days** of the date of entry of this Order; and it is finally

**ORDERED** that the Clerk of Court shall serve a copy of this Order, a form "Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241" and a form "Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form)" upon Petitioner at the address entered on the docket, by regular U.S. Mail.

Evelyn Padin, U.S.D.J.